**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

CHAN THAI                                    CASE NO.  6:26-CV-00261

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

LOWES HOME CENTERS L L C ET AL    MAGISTRATE JUDGE DAVID J. AYO

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION TO DISMISS FRAUDULENTLY JOINED DEFENDANT CARL MARCEAUX filed by Defendant Carl Marceaux.  [Doc. 8].  The motion is unopposed.  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, law, and arguments, and for the reasons explained below, this Court recommends that the instant motion be GRANTED and that Defendant Carl Marceaux be DISMISSED from the suit.

**Background**

On October 13, 2025, Plaintiff Chan Thai filed suit in the 15th Judicial District Court against Defendants Lowe's Home Centers, LLC and Carl Marceaux, alleging that he sustained injuries when a box fell and struck him in a Lowe's store.  [Doc. 1-2 at pp. 3-7].  Thai amended his complaint on January 16, 2026.  [Doc. 1-2 at pp. 51-59].  At the time of the incident, Marceaux was the manager of the Lowe's store.  *Id.*  On January 30, 2026, Lowe's removed the suit to this Court based on the diversity of citizenship of the properly joined parties and an amount in controversy exceeding $75,000.00.  [Doc. 1].  On February 12, 2026, Marceaux filed the instant motion seeking dismissal from the suit as an improperly joined party.  [Doc. 8].

**Law and Analysis**

Federal courts are courts of limited jurisdiction.  District courts lack power to consider claims unless conferred by the Constitution or statutes.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Federal courts possess subject matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and in which the parties are citizens of different states.  28 U.S.C. §§ 1331, 1332.  A suit is presumed to lie beyond the scope of federal court jurisdiction until the party invoking the court's jurisdiction establishes otherwise.  *Kokkonen*, 511 U.S. at 377.  Similarly, any doubts regarding whether jurisdiction exists must be resolved against federal jurisdiction.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The party invoking federal jurisdiction bears the burden of establishing such jurisdiction exists.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).  Where, as here, a suit is removed to federal court, the removing party bears the burden of establishing federal jurisdiction.  *Shearer v. Southwest Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

The doctrine of improper joinder is a narrow exception to the complete diversity requirement contained in 28 U.S.C. § 1332.  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  28 U.S.C. § 1446(c); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

To establish improper joinder, the removing party must either prove fraud in the pleading of jurisdictional facts, or that the plaintiff is unable to establish any viable cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). In this case, Marceaux alleges no actual fraud. Accordingly, this Court concerns itself with

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

The burden of proof that must be borne by a defendant alleging improper joinder is a heavy one. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The court must evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving contested issues of substantive fact in favor of the plaintiff. *Green*, 707 F.2d at 205; *Guillory v. PPG Industries, Inc.*, 434 F.3d 3030, 308 (5th Cir. 2005). The sufficiency of a plaintiff's state court petition for damages is measured using federal pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Thus, the Court analyzes Thai's state court petition in the same manner as it would if presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief

above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of this analysis, the court must separate legal conclusions from well-pleaded facts. *Ashcroft*, 556 U.S. at 678-79. Assuming only well-pleaded facts are true for those purposes, the court must then decide whether such facts "plausibly give rise to an entitlement of relief." *Id.* Should the court determine the plaintiff successfully states even a single viable cause of action against an in-state defendant, the entire case must be remanded to the state court from which it was removed. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *Green*, 707 F.2d at 208.

Where, as here, a suit is removed to federal district court on the basis of diversity jurisdiction, the court applies substantive state law in the adjudication of state law claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. App'x 451, 453 (5th Cir. 2011). In the instant suit, Thai's claims are made pursuant to Louisiana negligence law.

Louisiana law does not impose liability on an individual store manager in slip-and-fall cases unless four elements are shown: (1) the employer owes a duty of care to the plaintiff; (2) this duty was delegated by the employer to the store manager; (3) the store manager breached this duty through personal fault; and (4) plaintiff's allegations of liability are not premised merely on the manager's general administrative responsibilities. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911 (5th Cir. 2009); *Ford v. Elsbury*, 21 F.3d 931, 935-36 (5th Cir. 1994) (adopting Louisiana's *Canter* analysis); *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973).

As the removing party, Lowe's bears the burden of demonstrating that this suit falls within this Court's federal subject matter jurisdiction. Lowe's Notice of Removal asks this

Court to disregard Marceaux's Louisiana domicile for purposes of evaluating jurisdiction pursuant to 28 U.S.C. § 1332. [Doc 1 at p. 3]. The parties do not dispute Marceaux's status as a Louisiana domiciliary. Accordingly, this Court finds the parties are not completely diverse as required for jurisdictional purposes, as Thai is also domiciled in Louisiana. [Doc. 1-2 at p. 51].

Thai's petition fails to allege facts which, taken as true for these purposes, state a viable claim against Marceaux under Louisiana law. On the contrary, Thai alleges in a conclusory fashion breaches of administrative responsibilities, such as implementing store duties, conducting training, communicating safety requirements, and other general duties Marceaux had in his role as a store manager. [Doc. 1-2 at pp. 51-59]. Thai did not contest the instant motion. This Court agrees that Louisiana law is clear on the issue. *See, e.g., Gomez v. Costco Wholesale Corp.,* 2025 WL 2294950 (E.D. La. Aug. 8, 2025) (finding store manager improperly joined and denying remand); *Deal v. Outback Steakhouse of Florida, LLC*, 2020 WL 1272628, at *6 (W.D. La. Feb. 26, 2020) ("Here, [plaintiff] has not alleged [the manager] owed any personal duty to [plaintiff]. And [plaintiff] fails to allege any facts alleging [the manager] had any involvement or personal knowledge of the condition of the floor or the alleged slip and fall."); *Triplett v. DG Louisiana, LLC*, 2019 WL 5309968 (E.D. La. Oct. 21, 2019) (denying remand where plaintiff failed to allege anything beyond a store manager's breach of administrative duties); *Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092 (W.D. La. July 29, 2005) (finding dismissal appropriate as to store manager where plaintiff's claims alleged breach of administrative responsibilities); *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 961 (M.D. La. 1995) (denying plaintiff's motion to remand based on finding of no viable claim against store manager); *Dodson v. K-Mart Corp.*, 891 So. 2d 789 (La. App. 3 Cir. 2004) (no basis for liability finding against store manager since his

role on the date in question was alleged to be purely administrative and no allegation was made of his personal involvement with the accident at issue).  Considering these findings, this Court concludes that Marceaux was improperly joined and that his Louisiana domicile should be disregarded for purposes of diversity jurisdiction under 28 U.S.C. §1332. Disregarding Marceaux's domicile results in complete diversity between Lowe's and Thai. Moreover, the Court is satisfied that the amount in controversy meets the threshold required by Section 1332, as evidenced by the parties' representations.  [Doc. 1 at p. 1; Doc. 1-3 at p. 2].

### Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS FRAUDULENTLY JOINED DEFENDANT CARL MARCEAUX filed by Defendant Carl Marceaux [Doc. 8] be GRANTED and that Defendant Carl Marceaux be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers, Lafayette, Louisiana on this 11th day of May, 2026.

David J. Ayo
United States Magistrate Judge